IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                           **Civil Action No. 1:22-CV-75**
                                                              **(JUDGE KLEEH)**

**TANO O'DELL,**

      **Defendant.**

**REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE
AND MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] BE DENIED**

On August 24, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against Defendant, by which he lodges unclear allegations seeming to arise from some kind of claims filed by Defendant against Plaintiff in other proceedings. [ECF No. 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF Nos. 2] to proceed *in forma pauperis* be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND[1]**

---

[1] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other 13 civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. WVU Medical Center, 1:22-CV-70, (6) Brizuela v. Mark Zogby, 1:22-CV-74, (7) Brizuela v. Highlands Hospital and Michelle Cunningham, 1:22-CV-76, (8) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (9) Brizuela v. CPEP, 1:22-CV-82, (10) Brizuela v. KDKA TV, 1:22-CV-83, (11) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these civil cases are separate matters, they all stem from circumstances

Plaintiff, a resident of the Commonwealth of Pennsylvania, brings this matter against Defendant. Plaintiff complains of adverse action taken against him by Defendant, although Plaintiff's Complaint and associated materials comprise a muddled account of what Defendant did or even who Defendant is.[2]

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District. He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Two in Criminal Action No. 1:18-CR-1.[3] Plaintiff was sentenced to a term of

---

concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to several of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[2] The precise identify of Defendant is uncertain. Defendant, as named by Plaintiff, bears a name similar to a law firm known to the Court. The acts or omissions of which Plaintiff accuses Defendant also are uncertain, although they seem to involve claims against Plaintiff lodged or aided by Defendant in other proceedings. Perhaps Plaintiff complains of civil lawsuits brought against him by the similarly-named law firm on behalf of its clients. That is uncertain from the face of the Complaint and supporting materials. The undersigned does not intend to be obtuse on this point, but Plaintiff's lack of precision in this regard is confounding. It is not the role of the Court to assume the identity of intended party-defendants or to assume the poorly-articulated facts giving rise to purported claims.

[3] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

imprisonment for a term of time served, followed by three years of supervised release. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

In the Complaint and accompanying materials in the instant matter, Plaintiff alleges that the named Defendant accused him of administering a form of medical treatment without medical reason to do so, and of receiving kickbacks for so doing. The medical treatment which Plaintiff says is in question is "IVIG." Plaintiff does not straightforwardly explain what this treatment is, but it appears to be for the purpose of addressing antibody deficiencies. In passing, Plaintiff accuses Defendant of fraud, although it is wholly uncertain which specific causes of action Plaintiff attempts to lodge herein – let alone what legal authority he would rely upon in pursuit of those causes of action, or how facts alleged give rise to cognizable claims. On the civil cover sheet, Plaintiff invokes 18 U.S.C. § 371 as a basis for his lawsuit. This is a statute by which conspiracy against the federal government is criminalized, but Plaintiff does not explain how this statute was violated, or how this <u>criminal</u> statute gives him the ability to bring a <u>private civil</u> claim.

In quite broad and uncertain fashion, Plaintiff alleges that Defendant's involvement – whatever it was – in certain medical malpractice claims against him were unfounded and resulted in some sort of settlement with, including payment to, approximately six or seven of Plaintiff's former patients. Plaintiff does not specifically identify what the medical malpractice claims were, where they were pending, who the former patients or claimants were, or what the exact resolution was as to any of the claims. In general terms, Plaintiff decries the civil justice system, and then

takes issue with how the criminal proceedings against him were conducted. The nexus between the medical malpractice claims and the criminal proceedings is unclear from the face of the Complaint. Plaintiff also provides details about his childhood and abilities in school, his socioeconomic background, and his impetus to study medicine. While it is unclear how that information bears on the instant matter, Plaintiff's principal grievance seems to be that, as a result of these various civil and criminal issues, he is unable to secure employment at the level he enjoyed when he was a practicing physician.

Finally, in conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On August 24, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-

CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure

up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged him, other than providing an entirely unclear explanation of Defendant's involvement in what appears to be professional malpractice claims against Defendant, with results which Plaintiff dislikes. By his accompanying narrative (which appears to be correspondence directed at

Defendant, and not necessarily a component of a well-pleaded complaint), Plaintiff takes aim at Defendant for having insufficient knowledge about the medical treatments he rendered which seem to have given rise to the medical malpractice claims. Plaintiff states that his knowledge about the medical treatments is superior to that of others who were involved in these claims. Thus, per Plaintiff, the claims lacked basis and the outcomes of those disputes should have been different. He accuses Defendant of having an untoward role in those disputes, although the nature of Defendant's role and how it gives rise to viable causes of action is unclear.

As noted above, only in passing does Plaintiff invoke legal authority. The specific statute cited – 18 U.S.C. § 371 – is part of the criminal code, setting forth criminalization of conspiracy. Plaintiff does nothing to show how this possibly could allow him to maintain the civil action here. Otherwise, Plaintiff provides a dense narrative of three single-spaced, typed pages [ECF No. 1, at 2-4], but the only citation to authority there is scant, and seems to pertain to his complaints about how the defense of his underlying criminal prosecution was handled. The undersigned finds that this narrative accompanying the Complaint, in which Plaintiff attempts to propound allegations in support of poorly-articulated legal claims, simply does not provide sufficient factual foundation.

In sum, Plaintiff sets forth no cognizable legal causes of action and presents no basis on which he can proceed with a civil action. In other words, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise.

Thus, at bottom, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and ancillary documents), as currently written, is without foundation in fact and does

not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge against it or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by the Defendants giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV.   RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District

Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 16, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE